# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THE PEOPLE OF THE UNITED
STATES, *et al.*,

        Plaintiffs,

        v.

UNITED STATES OF AMERICA,
INC., *et al.*,

        Defendants.

Case No. 3:18-cv-00014-SLG

## **ORDER**

On January 11, 2018, Louis Holger, a self-represented litigant, filed a civil complaint with multiple exhibits which named minor children.[1] The Court issued an order sealing the docket and directing Mr. Holger to file a redacted complaint and exhibits or risk his case being closed.[2] Mr. Holger did not file redacted documents. Accordingly, the Court dismissed the case with prejudice under Federal Rule of Civil Procedure 41(b) on February 27, 2018.[3] A final judgment was issued February 28, 2018.[4] The entire case remained sealed. On February

---

[1] Docket 1.

[2] Docket 5.

[3] Dockets 6 & 7.

[4] Docket 8.

6, 2020, the Court *sua sponte* redacted the complaint and unsealed the docket.[5]

On May 1, 2020, Mr. Holger filed a "Dual Motion for Relief from Final Order and Motion for a Copy of the Courts Order and Attachments."[6]  Mr. Holger states he did not respond in 2018 to the Court's order for redacted documents, because he was experiencing trauma, "as a result of my wife & children being kidnapped, beaten, and raped by dirty cops, & other criminals pretending to be government agents" and that "criminals pretending to be the government were stealing my mail[.]"[7]  Mr. Holger alleges that he inadvertently missed the Court's order to submit redacted documents; therefore, he should be entitled to relief from the judgment under Rules 60(b)(1) and (6).  Furthermore, Mr. Holger requests copies of the Court's prior orders and any corresponding attachments.

Federal Rule of Civil Procedure 60(b)(1) provides that a Court may grant relief from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect."  A court may find excusable neglect in circumstances where a litigant misses a filing deadline due to negligence or

---

[5] Docket 8 (explaining that the public's right to access judicial records supported the Court's own redaction of the complaint in accordance with Rule 5.2 of Federal Civil Procedure and unsealing of the docket).

[6] Docket 11.

[7] Docket 11 at 2.

Case No. 3:18-cv-00014-SLG, *The People of the United States, et al. v. United States of America, Inc., et al.*
Order
Page 2 of 5
Case 3:18-cv-00014-SLG   Document 13   Filed 05/28/20   Page 2 of 5

inadvertent mistake.[8]  However, a litigant must move for relief under Rule 60(b)(1) "within a reasonable time" that is "no more than a year after entry of the judgment."[9] The above captioned case was dismissed on February 27, 2018 with a final judgment issued on February 28, 2019—over two years ago.  Mr. Holger has not filed his motion within the required one-year timeframe.  Therefore, he is not eligible for relief under Rule 60(b)(1).

Alternatively, Mr. Holger requests relief under Rule 60(b)(6).  Under Rule 60(b)(6), a Court may grant relief from a judgment for "any other reason that justifies relief."  While there is not a strict timeliness requirement, a motion made under Rule 60(b)(6) "must be made within a reasonable time."[10]  But Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment,"

---

[8] *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) (adopting the United States Supreme Court's equitable test for excusable neglect).

[9] Fed. R. Civ. P. 60(c)(1).

[10] Fed. R. Civ. P. 60(c)(1).

Case No. 3:18-cv-00014-SLG, *The People of the United States, et al. v. United States of America, Inc., et al.*
Order
Page 3 of 5
Case 3:18-cv-00014-SLG   Document 13   Filed 05/28/20   Page 3 of 5

order, or proceeding.[11] In addition, Rule 60(b)(6) is a "catch-all provision" and is only appropriate when "none of Rule 60(b)'s enumerated circumstances appl[y].[12]

Mr. Holger makes his motion under Rule 60(b)(6) on the same grounds as his motion under Rule 60(b)(1)—inadvertently missing the Court's filing deadline.[13] This renders relief under Rule 60(b)(6) unavailable.[14] And he has not made the

---

[11] *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

[12] *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017).

[13] Docket 11 at 2.

[14] Even if the Court were able to consider Mr. Holger's arguments on the merits, Mr. Holger's extensive litigation history on these same arguments would likely bar him from relief. Since the commencement of the above captioned case, Mr. Holger has filed eight additional civil actions alleging the same or similar theories of sexual violence against women and children. *Native Village of Kotzebue, et al. v. City of Kotzebue, Inc., et al.*, Case No. 3:18-cv-00045-SLG; *Native Village of Kotzebue, et al. v. City of Kotzebue, Inc, et al.*, Case No. 3:18-cv-00059-SLG; *John-Wesley, et al. v. Gleason, et al.*, Case No. 3:18-cv-00079-TMB; *Holger, et al. v. Burgess, et al.*; Case No. 2:18-cv-00277-RRB; *Holger v. Burgess, et al.*, Case No. 3:18-cv-00287-RRB; *Smith, et al. v. Saint Paul Travelers Co., Inc., et al.*, Case No. 3:19-cv-00002-RRB; *Holger v. City of Kotzebue, Inc.*, Case No. 3:19-cv-00004-RRB; *Williams v. City of Kotzebue, Inc.*, Case No. 3:19-cv-147-RRB; *Holger v. Colbath, et al.*; Case No. 2:19-cv-00004-RRB. As a result of these filings, a prelitigation screening order has been entered against him. *See Holger v Burgess, et al.*, Case No. 3:18-cv-00287-RRB at Docket 6. Additionally, Mr. Holger has been indicted on charges of cyberstalking related to his theories of child abduction, sexual violence against women and children, and the child welfare system. *See generally USA v. Eklund*, Case No. 3:18-cv-35-SLG; Dockets 2, 97, 215, 220, 224, 228, 233 & 252. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

Case No. 3:18-cv-00014-SLG, *The People of the United States, et al. v. United States of America, Inc., et al.*
Order
Page 4 of 5

Case 3:18-cv-00014-SLG   Document 13   Filed 05/28/20   Page 4 of 5

motion within a reasonable period of time under the circumstances he's described. Mr. Holger has not demonstrated extraordinary circumstances for relief. Therefore, Mr. Holger is not eligible for relief under Rule 60(b)(6).

For the foregoing reasons, **IT IS ORDERED** the "Dual Motion for Relief from Final Order" at Docket 11 is **DENIED**. **IT IS FURTHER ORDERED** that the Clerk of Court shall send Mr. Holger a copy of the documents at Dockets 5-7, along with a copy of this order.

DATED this 28th day of May, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cv-00014-SLG, *The People of the United States, et al. v. United States of America, Inc., et al.*
Order
Page 5 of 5
Case 3:18-cv-00014-SLG   Document 13   Filed 05/28/20   Page 5 of 5